## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MINDY W.,[1] | : | Case No.  3:20-cv-00394 |
| | : | |
| Plaintiff, | : | Magistrate Judge Caroline H. Gentry |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

## DECISION AND ORDER

## I.     INTRODUCTION

Plaintiff filed an application for Disability Insurance Benefits in June 2017.

Plaintiff's claim was denied initially and upon reconsideration. After a hearing at

Plaintiff's request, the Administrative Law Judge (ALJ) concluded that Plaintiff was not

eligible for benefits because she is not under a "disability" as defined in the Social

Security Act. The Appeals Council denied Plaintiff's request for review. Plaintiff

subsequently filed this action.

---

[1] *See* S.D. Ohio General Rule 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.")

Plaintiff seeks an order remanding this matter to the Commissioner for the award of benefits, or in the alternative, for further proceedings. The Commissioner asks the Court to affirm the non-disability decision. This case is before the Court on Plaintiff's Statement of Errors (Doc. 11), the Commissioner's Memorandum in Opposition (Doc. 13), and the administrative record (Doc. 9). Plaintiff did not file a Reply.

## II.    BACKGROUND

Plaintiff asserts that she has been under a disability since May 15, 2016.    At that time, she was forty-nine years old.  Accordingly, she was considered a "younger person" under Social Security Regulations.  *See* 20 C.F.R. § 404.1563(c). She has at least a high school education. *See* 20 C.F.R. § 404.1564(b)(4).

The evidence in the administrative record is summarized in the ALJ's decision (Doc. 9-2, PageID 50-60), Plaintiff's Statement of Errors (Doc. 11), and the Commissioner's Memorandum in Opposition (Doc. 13).  Rather than repeat these summaries, the Court will discuss the pertinent evidence in its analysis below.

## III.    STANDARD OF REVIEW

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements.  *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 402, 423(a)(1), 1382(a). The term "disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which … has lasted or can

2

be expected to last for a continuous period of not less than 12 months." 20 C.F.R.

§ 404.1505(a).

This Court's review of an ALJ's unfavorable decision is limited to two inquiries: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." (*Id.*)

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). This limited standard of review does not permit the Court to weigh the evidence and decide whether the preponderance of the evidence supports a different conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (*Id.*)

3

(citation omitted). This standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986). Thus, the Court may be required to affirm the ALJ's decision even if substantial evidence in the record supports the opposite conclusion. *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.* (citations omitted). Such an error of law will require reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal quotations and citations omitted).

## IV.    FACTS

### A.    The ALJ's Findings of Fact

The ALJ was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the ALJ considered each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. The ALJ made the following findings of fact:

Step 1:     Plaintiff has not engaged in substantial gainful activity since May 15, 2016, the alleged onset date.

Step 2:     She has the following severe impairments: obesity; carpal tunnel syndrome; migraines; degenerative disc disease, lumbar spine; bipolar disorder; depression; anxiety; and post-traumatic stress disorder ("PTSD").

Step 3:     She does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:     Her residual functional capacity, or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of light work subject to following limitations: can lift and/or carry 20 pounds occasionally and 10 pounds frequently; can stand and/or walk for about 6 hours and sit for about 6 hours in an 8-hour workday; would be permitted to alternate between sitting and standing every 20 minutes while at the workstation; can never climb ropes or scaffolds; can occasionally climb ramps and stairs; occasionally stoop, kneel, crouch, and crawl; can frequently balance; can perform simple tasks, but without strict performance quotas; can have occasional interaction with supervisors and coworkers; but no interaction with the general public; no jobs requiring teamwork or tandem tasks; and can tolerate occasional changes to a routine work setting, defined as one-to-two changes per week.

            She is unable to perform any of her past relevant work.

Step 5:     Considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that she can perform.

(Doc. 9, PageID 52-59.) These findings led the ALJ to conclude that Plaintiff does not meet the definition of disability and so is not entitled to benefits. (*Id.*, PageID 60.)

5

### B. State Agency Reviewing Psychologist Joseph Edwards, Ph.D.

State agency reviewing psychologist Joseph Edwards, Ph.D. opined that Plaintiff is limited in the area of sustained concentration and persistence. (Doc. 9-3, PageID 115-16.) Specifically, Dr. Edwards stated that Plaintiff is moderately limited in her ability to carry out detailed instructions, maintain attention and concentration for extended periods, work in coordination with or in proximity to others without being distracted, perform activities within a schedule, maintain regular attendance, be punctual, complete a normal workday, and perform at a consistent pace. (*Id.*) Dr. Edwards stated that Plaintiff is not significantly limited in her ability to carry out very short and simple instructions. (*Id.*) He stated that Plaintiff is not limited in her ability to make simple work-related decisions or to sustain an ordinary routine without special supervision. (*Id.*) Dr. Edwards explained that while Plaintiff "has some concentration difficulties, she can carry out 1-4 step tasks in a setting without strict production standards." (*Id.*, PageID 116.)

Dr. Edwards opined that Plaintiff has social interaction limitations. (Doc. 9-3, PageID 116.) He stated that Plaintiff is moderately limited in her ability to interact appropriately with the general public, accept instructions and respond appropriately to criticism from supervisors, and get along with coworkers or peers without distracting them or exhibiting behavioral extremes. (*Id.*) He found no limitation in Plaintiff's ability to ask simple questions, request assistance, or maintain socially appropriate behavior. (*Id.*) Dr. Edwards opined that although "[w]orking with the general public may be

6

anxiety provoking … the claimant can interact appropriately on a superficial basis." (*Id*.) He further opined that Plaintiff "would likely perform optimally in a setting that entails minimal interaction with coworkers and supervisors." (*Id*.)

With respect to adaptation limitations, Dr. Edwards opined that Plaintiff is moderately limited in her ability to respond appropriately to changes in the work setting. (Doc. 9-3, PageID 116.) He found that she is not limited in her ability to be aware of normal hazards and take appropriate precautions, travel in unfamiliar places, use public transportation, set realistic goals, or make plans independently of others. (*Id*.) Dr. Edwards explained that Plaintiff "can adapt to a setting in which duties are routine and predictable." (*Id*., PageID 117.) He further explained that Plaintiff lives with her husband and daughter, drives, is very involved in her daughter's school, attends to her grooming and hygiene, prepares light meals, and manages her medications. (*Id*.)

The ALJ concluded that Dr. Edwards' opinion was "mostly persuasive." (Doc. 9-2, PageID 57.) He reasoned that Dr. Edwards' findings were "mostly consistent with the overall objective evidence," including limitations in Plaintiff's ability to interact with others and the limitation to simple tasks. (*Id*.) The ALJ did find that some of Dr. Edwards' findings were vague, including the limitation to superficial interaction. (*Id*.)

### B. State Agency Reviewing Psychologist Courtney Zeune, Psy.D.

State agency reviewing psychologist Courtney Zeune, Psy.D., agreed with and adopted Dr. Edwards' opinions and findings without change. (Doc. 9-3, PageID 132-34.)

The ALJ's reached the same conclusions with respect to Dr. Zeune's opinion as he did regarding Dr. Edwards' opinion. (Doc. 9-2, PageID 57.)

## V.    ANALYSIS

Plaintiff contends the ALJ's residual functional capacity assessment is not supported by substantial evidence because the ALJ failed to adequately address all the limitations offered by state agency reviewing psychologists, Dr. Joseph Edwards, Ph.D., and Dr. Courtney Zeune, Ph.D., despite finding their opinions to be "mostly persuasive." Plaintiff's arguments are not well-taken.

### A.    Applicable Law

A claimant's residual functional capacity (RFC) is the most that she can do in a work setting despite physical and mental limitations caused by her "impairment(s), and any related symptoms, such as pain." 20 C.F.R. § 404.1545(a)(1). The ALJ is charged with the final responsibility for assessing a claimant's RFC and must base it on all relevant evidence in the record. 20 C.F.R. §§ 404.1527(d)(2), 404.1545(a)(1). Relevant evidence includes "information about the individual's symptoms and any 'medical source statements'—i.e., opinions about what the individual can still do despite his or her impairment(s)—submitted by an individual's treating source or other acceptable medical sources." SSR 96-8p, 1996 SSR LEXIS 5, *5-6 (July 2, 1996). "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Id*. at *20.

8

**B.     The ALJ's RFC**

The ALJ identified several mental functioning limitations in his RFC. Specifically, he concluded that Plaintiff "can perform simple tasks, but without strict performance quotas; can have occasional interaction with supervisors and coworkers, but no interaction with the general public; [can have] no jobs requiring teamwork or tandem tasks; and can tolerate occasional changes to a routine work setting, defined as one-to-two changes per week." (Doc. 9-2, PageID 54.)

Despite finding the opinions of Dr. Edwards and Dr. Zeune to be only "mostly persuasive," the ALJ adequately accounted for their limitations in Plaintiff's RFC. The ALJ's limitation of "simple tasks [] without strict performance quotas" accounted for the state agency reviewers' concentration and persistence limitations (i.e., 1-4 step tasks and no strict production standards). The ALJ's finding that Plaintiff can tolerate 1-2 changes per week in her work routine is consistent with the state agency reviewers' finding that Plaintiff is moderately (but not markedly or extremely) limited in her ability to adapt to changes in the work setting. The ALJ's limitation of occasional interaction with supervisors and coworkers is consistent with the state agency reviewers' finding that Plaintiff is moderately (but not markedly or extremely) limited in her ability to get along with coworkers, and to accept instructions and respond appropriately to criticism from supervisors. The ALJ's limitation of no contact with the general public is more restrictive

than the state agency reviewers' finding that Plaintiff is moderately limited in her ability to interact appropriately with the general public.

Plaintiff argues that the ALJ wrongly rejected the state agency reviewers' limitation to superficial interaction with the general public. (Doc. 9-3, PageID 116, 133). Plaintiff also challenges the ALJ's conclusion that the proposed limitation to superficial interaction is "vague." (*Id*.) These arguments are not well-taken.

As noted, the ALJ limited Plaintiff to having no interactions with the general public. (Doc. 9-2, PageID 54.) The ALJ did not reject the state agency reviewers' limitation to superficial contact with the general public; instead, he went beyond it.

Further, the state agency reviewers recommended "minimal interaction," not superficial contact, with coworkers and supervisors. (Doc. 9-3, PageID 116, 133). The ALJ adequately accounted for this opinion in the RFC by limiting Plaintiff to occasional contact with coworkers and supervisors and no jobs requiring teamwork or tandem tasks. *E.g., Gary B. v. Comm'r of Soc. Sec.*, No. 3:20-cv-179, 2022 WL 2103069, at *7 (S.D. Ohio, June 10, 2022) (Gentry, M.J.) (finding these limitations accounted for medical opinions regarding the quantity of time (occasional) and quality of interactions (superficial) the plaintiff could have with coworkers and supervisors); *Lindsey v. Comm'r of Soc. Sec.*, No. 2:18-CV-18, 2018 WL 6257432, at *4 (S.D. Ohio Nov. 30, 2018) (Vascura, M.J.) (explaining that "'[o]ccasional contact' goes to the quantity of time spent

with [] individuals, whereas 'superficial contact' goes to the quality of the interactions." (citation omitted)).

Furthermore, even if the ALJ had not adequately accounted for all the limitations proposed by the state agency reviewers, "there is no requirement that an ALJ adopt a state agency psychologist's opinion verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale." *Hankinson v. Comm'r of Soc. Sec.*, No. 2:18-cv-58, 2020 WL 240812, at *2 (S.D. Ohio, Jan. 16, 2020) (citing *Reeves v. Comm'r of Soc. Sec.*, 618 F.App'x 267, 275 (6th Cir. 2015)). Plaintiff's assertions to the contrary are not well-taken.

## VI.  CONCLUSION

For the reasons discussed above, the ALJ properly applied the governing legal framework and substantial evidence supports his conclusions. Accordingly, Plaintiff's Statement of Errors lacks merit.

**IT IS THEREFORE ORDERED THAT**:

1.  Plaintiff's Statement of Errors (Doc. 11) is OVERRULED;

2.  The Court AFFIRMS the Commissioner's non-disability determination; and

3.  The case is terminated on the Court's docket.

/s/ Caroline H. Gentry
Caroline H. Gentry
United States Magistrate Judge

11

12